**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **Cedar Lane Technologies Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**Progress Solar Solutions, LLC,**<br><br>Defendant. | Case No. ________________<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"), through its attorneys, complains of Progress Solar Solutions, LLC ("Progress Solar"), and alleges the following:

**PARTIES**

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2. Defendant Progress Solar Solutions, LLC is a corporation organized and existing under the laws of North Carolina that maintains an established place of business at 1108 N New Hope Rd, Raleigh, NC 27610-1416.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Cedar Lane has suffered harm in this district.

## PATENTS-IN-SUIT

7. Cedar Lane is the assignee of all right, title and interest in United States Patent Nos. 8,733,963 (the "'963 Patent"); 9,428,100 (the "'100 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Cedar Lane possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### **The '963 Patent**

8. The '963 Patent is entitled "Portable solar light tower," and issued 5/27/2014. The application leading to the '963 Patent was filed on 3/8/2010, which ultimately claims priority from provisional application number 61/159,699, filed on 3/12/2009. A true and correct copy of the '963 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '963 Patent is valid and enforceable.

### **The '100 Patent**

10. The '100 Patent is entitled "Portable solar light tower," and issued 8/30/2016. The application leading to the '100 Patent was filed on 4/1/2014, which ultimately claims priority from provisional application number 61/159,699, filed on 3/12/2009. A true and correct copy of the '100 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '100 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '963 PATENT

12. Cedar Lane incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '963 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Progress Solar products identified in the charts incorporated into this Count below (among the "Exemplary Progress Solar Products") that infringe at least the exemplary claims of the '963 Patent also identified in the charts incorporated into this Count below (the "Exemplary '963 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '963 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '963 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '963 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Progress Solar Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '963 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '963 Patent.

17. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '963 Patent, literally or by the doctrine of equivalents, by selling Exemplary Progress Solar Products to their customers for use in end-user products in a manner that infringes one or more claims of the '963 Patent.

18. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '963 Patent, literally or by the doctrine of equivalents, by selling Exemplary Progress Solar Products to their customers for use in end-user products in a manner that infringes one or more claims of the '963 Patent. Moreover, the Exemplary Progress Solar Products are not a staple article of commerce suitable for substantial noninfringing use.

19. Exhibit 3 includes charts comparing the Exemplary '963 Patent Claims to the Exemplary Progress Solar Products. As set forth in these charts, the Exemplary Progress Solar Products practice the technology claimed by the '963 Patent. Accordingly, the Exemplary Progress Solar Products incorporated in these charts satisfy all elements of the Exemplary '963 Patent Claims.

20. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

21. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '100 PATENT

22. Cedar Lane incorporates the above paragraphs herein by reference.

23. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '100 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Progress Solar products identified in the charts incorporated into this Count below (among the "Exemplary Progress Solar Products") that infringe at least the exemplary claims of the '100 Patent also identified in the charts incorporated into this Count below (the "Exemplary '100 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '100 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '100 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '100 Patent. On information and belief, Defendant has also continued to sell the Exemplary Progress Solar Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '100 Patent. Thus, on

information and belief, Defendant is contributing to and/or inducing the infringement of the '100 Patent.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '100 Patent, literally or by the doctrine of equivalents, by selling Exemplary Progress Solar Products to their customers for use in end-user products in a manner that infringes one or more claims of the '100 Patent.

28. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '100 Patent, literally or by the doctrine of equivalents, by selling Exemplary Progress Solar Products to their customers for use in end-user products in a manner that infringes one or more claims of the '100 Patent. Moreover, the Exemplary Progress Solar Products are not a staple article of commerce suitable for substantial noninfringing use.

29. Exhibit 4 includes charts comparing the Exemplary '100 Patent Claims to the Exemplary Progress Solar Products. As set forth in these charts, the Exemplary Progress Solar Products practice the technology claimed by the '100 Patent. Accordingly, the Exemplary Progress Solar Products incorporated in these charts satisfy all elements of the Exemplary '100 Patent Claims.

30. Cedar Lane therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

31. Cedar Lane is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

32. Under Rule 38(b) of the Federal Rules of Civil Procedure, Cedar Lane respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cedar Lane respectfully requests the following relief:

A. A judgment that the '963 Patent is valid and enforceable;

B. A judgment that the '100 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '963 Patent;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '100 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Cedar Lane all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Cedar Lane for Defendant's infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cedar Lane be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii. that Cedar Lane be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Cedar Lane be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: March 24, 2020

Respectfully submitted,

Justin Eldreth
Eldreth Law Firm, PC
115 S. Saint Mary's St. Ste. C
Raleigh, NC 27603
(919) 833-5322
justin@eldrethlaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**